**E-Filed 3/29/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ART GONZALES and MARY GONZALES, Individually and as Successors-in-Interest of the Estate of M.G.,<br><br>Plaintiffs<br><br>v.<br><br>LUCILLE PACKARD CHILDREN'S HOSPITAL, STANFORD HOSPITAL AND CLINICS, BAXTER HEALTHCARE CORP., BAXTER INTERNATIONAL, INC., SCIENTIFIC PROTEIN LABORATORIES, INC., CHANGZHOU SPL COMPANY, LTD., AMERICAN CAPITAL LTD., B. BRAUN MEDICAL INC., TYCO HEALTHCARE GROUP, LP, MEDEFIL, INC., AND DOES 1 through 100, inclusive,<br><br>Defendants. | Case Number C 09-5539 JF<br><br>ORDER[1] GRANTING MOTION TO STAY PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION; AND SEVERING AND REMANDING CLAIMS AS TO DEFENDANTS LPCH AND SHC<br><br>[re: doc. nos. 22, 57] |

Art Gonzales and Mary Gonzales ("Plaintiffs") are the parents and successors-in-interest of the estate of Martina Gonzales ("M.G."), a minor, who passed away on July 29, 2008. Defendants Lucille Packard Children's Hospital ("LPCH") and Stanford Hospital and Clinics

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 09-5539 JF
ORDER GRANTING MOTION TO STAY PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION; AND SEVERING AND REMANDING CLAIMS AS TO DEFENDANTS LPCH AND SHC
(JFEX2)

("SHC") (the "Medical Provider Defendants") provided M.G.'s medical care during her admission for surgery on July 27, 2008 to treat a congenital heart defect. Defendants Baxter International, Inc., B. Braun Medical Inc., Tyco Healthcare Group, LP, Medefil, Inc., Scientific Protein Laboratories, Inc., LLC, American Capital, Ltd., and Changzhou Spl Co. Ltd. (the "Pharmaceutical Defendants") are corporations engaged in the design, manufacture, and distribution of the drug heparin sodium ("heparin").

On July 28, 2009, Plaintiffs filed the instant action in the Merced Superior Court, alleging that M.G. received contaminated heparin, which caused her death. *See* Compl. ¶¶ 100-103. The Pharmaceutical Defendants removed the case to this Court on the ground that the claims involve substantial questions of federal law. Plaintiffs assert state-law claims against the Pharmaceutical Defendants for strict liability, breach of implied and express warranty, negligence, fraudulent misrepresentation, fraudulent concealment, and negligent infliction of emotional distress. Plaintiffs assert separate claims against the Medical Provider Defendants for medical negligence and negligent infliction of emotional distress.[2] *See* Stipulation and Order re Dismissal of Causes of Action Against LPCH and SHC (filed 1/15/10).

Presently before the Court are competing motions filed by the two Defendant groups. On January 22, 2010, the Medical Provider Defendants filed a motion to remand,[3] or in the alternative, to sever the separate claims against them. They argue that Plaintiffs' claims as to them raise no substantial federal question. The Pharmaceutical Defendants contend that federal jurisdiction clearly exists as to them and that the issues raised in the instant litigation share common questions of fact and law with other heparin-related lawsuits. On February 2, 2010, the Pharmaceutical Defendants re-noticed a previously filed motion to stay the instant proceedings

---

[2] The Medical Provider Defendants and Plaintiffs have stipulated as to which Defendants are being called to answer which causes of action.

[3] Although Plaintiffs initially brought the case in Merced County and the Pharmaceutical Defendants initially sought to remove this action to the Eastern District of California, the parties stipulated to transfer the action to this Court. Accordingly, remand would be to the Santa Clara Superior Court.

2

pending a final determination by the Judicial Panel on Multidistrict Litigation ("MDL Panel") as to whether this action should be transferred to the Northern District of Ohio for consolidated proceedings with other heparin-related cases.[4] They therefore oppose the Medical Provider Defendants' motion to remand the entirety of the instant action and request that the Court issue a stay until the MDL Panel makes a final determination.

On March 25, 2010, the MDL Panel considered whether this case should be transferred to the Northern District of Ohio. Oral argument on the instant motions occurred the following day. It is apparent from that argument that neither Plaintiffs nor the Pharmaceutical Defendants oppose the Medical Provider Defendants' alternative motion to sever.[5] Because all parties agree that the claims against the Medical Provider Defendants are state-law claims that are distinct from those against the Pharmaceutical Defendants, the Court will grant the alternative motion to sever and remand the action as to them to the Santa Clara Superior Court.

As to the claims against the Pharmaceutical Defendants, a stay at this juncture will preserve judicial economy and facilitate uniform treatment of heparin-related cases by the MDL Panel. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (holding that a stay is appropriate when it serves the interests of judicial economy and efficiency). "The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within this Court's discretion." *Conroy v. Fresh Del Monte Produce, Inc.*,

---

[4] Prior to the events leading up to the instant action, the MDL Panel had consolidated over 200 heparin-related actions in an MDL proceeding before Chief Judge Carr in the Northern District of Ohio. *See In re Heparin Products Liability Litigation*, MDL No. 1953. On December 28, 2009, the MDL Panel issued a Conditional Transfer Order (CTO-29) provisionally consolidating this case into the MDL proceeding. The Medical Provider Defendants have filed objections to the CTO.

[5] Plaintiffs did not file papers in connection to the instant motions or appear at the hearing. It also appears that Plaintiffs have not opposed transfer of the case to the MDL proceeding. The Medical Defendants state only that Plaintiffs did not file a response brief to the Medical Defendants' motion to vacate the CTO or alternatively to sever the claims, so "therefore also admit that the claims against LPCH and SHC should be severed...." Medical Defs.' Opp'n to Mot. To Stay Proceedings 6:3-7.

3

Case No. C 09-5539 JF
ORDER GRANTING MOTION TO STAY PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION; AND SEVERING AND REMANDING CLAIMS AS TO DEFENDANTS LPCH AND SHC
(JFEX2)

325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004) citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998). Because the MDL Panel is expected to issue a final decision shortly regarding the possible transfer and consolidation of this case as to the Pharmaceutical Defendants and because the same jurisdictional issues present here have arisen in other cases transferred to the MDL proceeding and are likely to be addressed uniformly by the MDL Panel, issuance of a stay satisfies the Court's interest in "avoiding duplicative litigation." *See Rivers*, 980 F. Supp. at 1360.

**ORDER**

Good cause therefor appearing, the motion to stay as to the Pharmaceutical Defendants will be GRANTED pending a final determination on transfer by the Judicial Panel on Multidistrict Litigation. The motion of the Medical Provider Defendants to sever and remand the claims against them to the Santa Clara Superior Court also will be GRANTED.

IT IS SO ORDERED.

Dated: March 29, 2010

JEREMY FOGEL
United States District Judge